# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DALE JOHNSON,**

            **Plaintiff,**

**-vs-**                                                 **Case No. 6:08-cv-1364-Orl-22DAB**

**G.F.A. DIAGNOSTIC CENTER, INC.,**

            **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 16)**
>
> **FILED:**        **December 22, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This is an action for unpaid overtime compensation pursuant to the Fair Labor Standards Act. According to the pleadings and the motion papers, Plaintiff claimed the amount of $715.92 in unpaid overtime, plus the same amount for liquidated damages, and attorney's fees. Defendant disputed entitlement, asserting (among other things) affirmative defenses of good faith and that Plaintiff was not entitled to liquidated damages (Doc. No. 2). The parties settled for a total of $500 in damages, and $2,500 for attorney's fees and costs. The Court finds these amounts to be reasonable.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, Plaintiff acknowledged the strength of certain of Defendant's affirmative defenses, especially those relating to liquidated damages. The papers reflect that due to these issues, the parties settled for "almost all of [the] underlying FLSA damages claimed" and attorney's fees, with Plaintiff apparently conceding that he was not entitled to liquidated damages (Doc. No. 16 at 2-3). The Court

finds the settlement, in view of the amount of the claim and the asserted defenses, to be appropriate in this case. The parties agree that the settlement is a fair and reasonable compromise of disputed issues, and the Court concurs. It is therefore **respectfully recommended** that the settlement be **approved** and the action be dismissed, as requested.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 29, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy